**Juanita MIRELES, Appellant,**

v.

**Eligio ALVAREZ, Jr., Appellee.**

**No. 04–89–00445–CV.**

Court of Appeals of Texas,
San Antonio.

April 4, 1990.

Rehearing Denied May 30, 1990.

C.H. Duvall, Guerra, Duvall, Ramirez & Guerra, Roma, for appellant.

Margil Sanchez, Jr., Rio Grande City, for appellee.

Before CADENA, C.J., and REEVES and BIERY, JJ.

## OPINION

BIERY, Justice.

The question on appeal is whether appellee Eligio Alvarez Jr. should be permitted to serve as his wife's guardian. The trial court held Mr. Alvarez' appointment as guardian to be proper. We reverse and render.

The facts pertinent to this appeal show that Mr. Alvarez' wife, Linda Diana Alvarez, was rendered physically and mentally incompetent as the result of injuries received in an automobile accident on August 15, 1981. Mr. Alvarez has filed a lawsuit for damages, both individually and as next friend of his wife, against parties to the accident. On October 12, 1988, Mr. Alvarez filed an application to be appointed his wife's guardian. The application was granted. On December 16, 1988, appellant Juanita Mireles, who is Mrs. Alvarez' mother, filed a petition seeking that Mr. Alvarez be removed as guardian and that she be named instead. The trial court denied the request. This appeal results.

When it is necessary to appoint a guardian for an adult, the ward's spouse has preference unless disqualified. TEX. PROB.CODE ANN. § 109(c)(1) (Vernon 1980). There are six statutory grounds which disqualify a person from serving as a guardian. *Id.* at § 110. The fourth statutory ground for disqualification is stated in Subsection (d) of § 110, and holds that the following persons shall not be appointed guardians:

> Those who are themselves parties, or whose father or mother is a party to a lawsuit on the result of which the welfare of the person for whom, or for whose estate, a guardian is to be appointed, may depend.

Mr. Alvarez is party to a lawsuit on the result of which the welfare of Mrs. Alvarez may depend. Evidence before the trial court showed Mrs. Alvarez' assets, other than an expectancy in proceeds of the lawsuit, to be very limited. We find that the statutory language calls for disqualification of Mr. Alvarez as his wife's guardian. This statutory ground for disqualification leaves little room for interpretation and appears to be self-limiting. *See* 16 DORSANEO TEXAS LITIGATION GUIDE § 410.02[4] (1989). We have found no cases addressing Probate Code § 110(d) as it relates to the propriety of a spouse's serving as the guardian of his incompetent spouse when both are plaintiffs in the same lawsuit. We believe that we are constrained to follow the express language of the statute as enacted by the legislature.

We find cause to reverse based on the statutory mandate of § 110(d). We therefore need not reach Ms. Mireles' alternative contention that Mr. Alvarez should be removed because he has become "incapable of properly performing the duties of his trust." TEX.PROB.CODE § 222(b)(5). (Vernon 1980 & Supp.1990).

The judgment of the trial court is reversed. Judgment is rendered that Ms. Mireles' petition for removal of Mr. Alvarez as Mrs. Alvarez' guardian be granted.